IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LEO WATSON, ET AL., §
§
VS. § ACTION NO. 4:11-CV-301-BJ
§
AURORA LOAN SERVICES LLC, ET AL. §

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S REMAINING CLAIM UNDER THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

In a Memorandum Opinion and Order dated August 21, 2012,[1] the Court partially granted a Motion for Summary Judgment filed by Defendant Aurora Loan Services LLC[2] which had been filed on February 3, 2012 [doc. # 30]. In the August 21, 2012 Memorandum Opinion and Order, the Court granted Defendant summary judgment on all of Plaintiffs' claims except for Plaintiffs' claims pursuant to 15 U.S.C. § 1692g of the Federal Fair Debt Collection Practices Act ("FDCPA"). The Court found, based on the record and including facts asserted by Defendant, that Plaintiffs had raised a genuine issue of material fact whether Defendant breached section 1692g of the FDCPA. *See* August 21, 2012 Memorandum Opinion and Order at 14. However, the Court, in that same order, requested that the parties submit additional briefing as to whether Defendant qualified as a "debt collector" under the FDCPA and was, thus, even subject to the requirements set forth in the FDCPA. (*Id.* at 14-17.)

On August 31, 2012, Defendant filed a supplemental brief in support of its motion for summary judgment. In the supplemental brief, Defendant avers, in essence, that some of the facts asserted by Defendant in its original motion were incorrect and that there were no genuine issues of

---

[1] The Court incorporates by reference the information set forth in its August 21, 2012 Memorandum Opinion and Order to the extent that such information is not inconsistent with this order.

[2] According to Defendants' Answers and Objections to Plaintiffs' Request for Interrogatories, Defendant Aurora Loan Services, Inc. does not currently exist. (Plaintiffs' Appendix to Response to Defendant's Motion for Summary Judgment ("Pls.' App.") at 21.) Apparently, "Aurora Loan Services LLC was formerly known as Aurora Loan Services, Inc." (*Id.* at 2.) Thus, any ruling on Defendant Aurora LLC's Motion for Summary Judgment applies to both named Defendants. The Court will refer to "Defendant" throughout unless quoting a party's submission.

1

material fact whether Defendant had breached section 1692g of the FDCPA. (Defendant's August 31, 2012 Supplemental Brief ("Def.'s Aug. 31 Supp. Br.") at 2.) More particularly, Defendant disavowed its previous assertion that Defendant had filed a Notice of Acceleration and Notice of Trustee Sale with the Tarrant County Clerk's office on April 14, 2011 which noticed Plaintiffs' property for public auction on May 6, 2011, – a crucial fact in the record before the Court in denying Defendant's summary judgment on the FDCPA issue. (*Id.; See also* August 21, 2012 Memorandum Opinion and Order at 14.) In addition, Defendant argued that it could not be considered a "debt collector" under the FDCPA because the "servicing of the Note was transferred to Aurora on November 21, 2006 before the first payment was even due." (*Id.*)

On September 7, 2012, Plaintiffs submitted their supplemental brief in response to the Court's August 21, 2012 Memorandum Opinion and Order. In their supplemental brief, Plaintiffs first question whether it is even "proper for the Court to consider, *sua sponte*, if Defendants are subject to the FDCPA," as this was not an issue raised by Defendant in either its answer or in its motion for summary judgment. (Plaintiffs' September 7, 2012 Supplemental Brief ("Pls.' Sept. 7 Supp. Br.") at 1.) In addition, Plaintiffs argued that a material issue of fact exists as to whether Defendants were debt collectors under the FDCPA relative to the alleged date of transfer of the servicing of the note to Defendant in relation to the Plaintiff's default on the note. (*Id.* at 2-3)

Thereafter, on September 27, 2012, the Court held a pretrial conference. At the conference, the Court discussed with counsel the remaining issues under consideration by the Court in relation to the supplemental briefing submitted by the parties. After a specific discussion of the pertinent alleged facts and legal issues outstanding, the Court requested that the parties submit additional briefing and evidence with regard to the issues of: (1) whether Defendant was a "debt collector" under the FDCPA; and (2) whether, absent the alleged April 2011 Notice of Foreclosure by Defendant, a fact issue still existed that Defendants violated 15 USC § 1692g of the FDCPA.

2

In their amended supplemental brief submitted to the Court on October 22, 2012,[3] Plaintiffs state:

> It is undisputed that on March 13, 2011 Defendant sent Plaintiffs a Notice of Foreclosure to which Plaintiffs responded by requesting verification of their debt by letter dated March 24, 2011 and that Defendant did not respond to the request until May 17, 2011. However, Defendant continued to pursue foreclosure of Plaintiffs' mortgage and as set forth [i]n Plaintiff Dora Watson's affidavit, which is attached hereto by reference and incorporated herein for all purposes, the Watsons were forced to retain legal counsel to stop the foreclosure sale.

(Plaintiffs' October 22, 2012 Supplemental Brief ("Pls.' Oct. 22 Br.") at 4.) In her affidavit attached to the supplemental briefing, Plaintiff Dora Watson states:

> Despite my [March 24, 2011] request, Aurora Loan Services did not cease collection activities and so in early April 2011 I was forced to retain the legal services of Attorney Hobert T. Douglas, Jr. to stop the foreclosure sale. My husband and I paid Mr. Douglas a $3,000 retainer, plus a filing fee to file a lawsuit against Aurora Loan Services and we also paid $1,000.00 cash to the Tarrant County District Clerk for a bond to secure the Temporary Restraining Order which the Judge issued to stop the foreclosure sale of April 5, 2011.

(Pls.' Oct. 22 Br., Aff. of Dora Watson at 2.)

In its October 11, 2012 amended supplemental briefing, Defendant states:

> 4. The Defendants are unaware of any notice of acceleration and Notice of Trustee's Sale being filed with the Tarrant County clerk on April 14, 2011 as set forth in paragraph 14 of the Defendant's Brief in Support of Motion for Summary Judgment ("Defendant's Brief). Defendants would further show the court that foreclosure sales are conducted on the first Tuesday of each month. The first Tuesday in May 2011 was May 3, 2011, and any foreclosure sale would have been noticed for that date. *See also* Affidavit of Jeffrey Martin at paragraph 4.
>
> 5. It is Defendants' belief that the assertion at paragraph 14 of Defendant's Brief that Defendant "filed a Notice of Acceleration and Notice of Trustee's Sale with the Tarrant County, County Clerk's office" was a typographical error, especially in light of the fact that the Plaintiffs obtained a temporary restraining order on April 4, 2011, setting a hearing for a temporary injunction for April 14, 2011.

(Defendant's October 11, 2012 Amended Supplemental Briefing ("Def.'s Oct. 11 Br.") at 2.) In addition, Defendant submitted the Affidavit of Jeffrey Martin, an attorney at the law offices of Defendant's counsel, that stated:

---

[3]Plaintiffs originally submitted their amended supplemental briefing to the Court on October 11, 2012. However, because Plaintiffs inadvertently left out one of the pages of the affidavit of Plaintiff Dora Watson, Plaintiffs resubmitted their amended supplemental briefing on October 22, 2012 to correct this error.

> I have reviewed the records maintained by Brice, Vander Linden & Wernick, and there is no record of any Notice of Acceleration and Notice of Trustee's Sale being mailed to either Dora Watson or Leo Watson on or about April 14, 2011. There is no record of any Notice of Acceleration and Notice of Trustee's Sale being filed with the Tarrant County clerk on or about April 14, 2011.

(Def.'s Oct. 11 Br., Aff. of Jeffrey Martin at 2.)

The only issue remaining before the Court at this time is whether Defendant is entitled to summary judgment on Plaintiffs' claims under section 1692g of the FDCPA. As to Plaintiffs' argument that it is improper for the Court to, *sua sponte*, raise the issue of whether Defendant qualified as a "debt collector" under the FDCPA, case law is clear that this Court can grant summary judgment *sua sponte* as long as it gives proper notice to the adverse party. *See, e.g., Loughman v. Sw. Bell Tel. Co.*, 131 F.3d 140, 1997 WL 759294, at *3 (5th Cir. Oct. 28, 1997) ("A district court cannot grant summary judgment *sua sponte* unless it gives ten days notice to the adverse party."); *Judwin Props., Inc. v. U.S. Fire Ins. Co.*, 973 F.2d 432, 436 (5th Cir. 1992) ("A district court may grant a motion for summary judgment *sua sponte*, provided that it gives proper notice to the adverse party."). The Court has given Plaintiffs proper notice of this issue and, as set forth above, the Plaintiffs have been given multiple opportunities to submit additional briefing and evidence on this issue.

The next issue is whether Plaintiffs have, as originally determined by the Court, raised a genuine issue of material fact whether Defendant breached section 1692g of the FDCPA. In this regard, it was a crucial fact in the record that Defendant had filed a Notice of Acceleration and Notice of Trustee Sale with the Tarrant County Clerk's office on April 14, 2011, which noticed Plaintiffs' property for public auction on May 6, 2011. *See* August 21, 2012 Memorandum Opinion and Order at 14. Defendant has now disavowed that any such notice was sent on April 14, 2011 and has, in fact, presented evidence which would disprove that any such notice was sent to Plaintiffs.

As relevant here, Plaintiffs argue that Defendant violated the FDCPA by failing to cease collection of the debt until it mailed verification of the debt to Plaintiffs. (Plaintiff's Response to Defendant's Motion for Summary Judgment ("Pls.' Resp.") at 7.) Plaintiffs claim that Defendant admitted in its "answer to Interrogatory Number 13" that Plaintiffs made a valid request for

4

verification of the debt and "Defendant failed and refused to honor it until May 17, 2012 which is after Plaintiffs filed the instant lawsuit." (*Id.*) However, Plaintiffs wholly fail to identify any specific actions taken by Defendant in collection of the debt in violation of the FDCPA.

The FDCPA, 15 U.S.C. §§ 1692-1692p, is designed "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). It "prohibits 'debt collectors' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). To support a claim under the FDCPA, plaintiff must show, based on an objective standard measured by the least sophisticated consumer, that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression, or abuse. *See Taylor v. Perrin, Landry, deLaunay and Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *Lee v. Credit Mgmt, LP*, No. G-10-538, 2012 WL 113793, at *4 (S.D. Tex. Jan. 13, 2012). 15 U.S.C. 1692g states:

> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
>
> > (1) the amount of the debt;
> >
> > (2) the name of the creditor to whom the debt is owed;
> >
> > (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> >
> > (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> >
> > (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

> (b) Disputed debts
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. §1692g.

Based on the evidence before the Court, it is clear that Defendant sent Plaintiffs notice of the debt in compliance with 15 U.S.C. § 1692g of the FDCPA on March 2, 2011. This letter, labeled a "Fair Debt Collection Practices Act Notification," included language stating that if Plaintiffs requested proof of the debt or the name and address of the original creditor within thirty days, then Defendant would cease foreclosure processing until they mailed or otherwise provided the requested information to Plaintiffs. (Plaintiffs' Petition ("Pls.' Pet."), Ex. B.) In addition, Defendants also sent letters dated March 13, 2011 to each Plaintiff individually that explained that a foreclosure sale was scheduled for Tuesday, April 5, 2011 and contained a Notice of Acceleration and Notice of Trustee's Sale. (Def.'s Aug. 31 Supp. Br. at 1-2 & App. A & B.) Thereafter, in a letter dated March 24, 2011, and within the thirty-day period described in 15 U.S.C. § 1692g, Plaintiffs sent Defendant a letter disputing the amounts owed, requesting that Defendant cease collection activities, and requesting "proof of the debt." (Pls.' Pet., Ex. C.) Defendant provided the Debt Validation Request Response to Plaintiffs on May 17, 2011. (Defendant's Appendix to Motion for Summary Judgment ("Def.'s App."), Ex. F.) There is no evidence that Defendant violated the FDCPA.

Contrary to the evidence originally presented to the Court, Plaintiffs have provided no competent summary-judgment evidence that Defendant engaged in any further activity to collect the debt between March 24, 2011, when Plaintiff sent the letter to Defendant requesting verification of the debt, and May 17, 2011, when Defendant provided the Debt Validation Request Response to Plaintiffs. Plaintiffs have alleged that Defendant failed to cease debt collection activities during this time period, but they have not provided any evidence to support this allegation.

Instead, the evidence shows that, during this time period, Plaintiffs initiated a lawsuit against Defendant and Defendant's only actions were to defend against such lawsuit. Plaintiff has failed to show that such actions violate the FDCPA. *See, e.g., Shakir v. Nationwide Trustee Servs., Inc.*, No. 2:08-CV-178-P-A , 2010 WL 1529224, at *3 (N.D. Miss. Apr. 15, 2010)  Since Plaintiffs have failed to raise a genuine issue of material fact whether Defendants breached section 1692g of the FDCPA, Defendant is entitled to summary judgment on this issue.

Because the Court has found Defendant is entitled to summary judgment on the FDCPA claim, it is not necessary for the Court to consider whether Defendant is a "debt collector" and, thus, even subject to the FDCPA.

For the reasons stated above, it is **ORDERED** that Defendant's motion for summary judgment [doc. # 30] is **GRANTED** in that it is entitled to summary judgment on all of Plaintiffs' claims against it.

SIGNED October 25, 2012.

JLC/knv

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE